IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD WATSON FINANCIAL, L.L.C.,

    Plaintiff,

v.                                      CIVIL ACTION NO.   2:15-cv-16577

WESLEY JOE CRUM, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Verified Statement and Accounting Regarding Foreclosure Sale and Motion for Entry of Judgment [ECF No. 21] ("Mot.") filed on December 1, 2016. The defendants have not filed a response or otherwise made an appearance in this case. For the reasons given below, the plaintiff's Motion is **GRANTED**.

I.    **Background**

On April 22, 2016, the court entered its Amended Order [ECF No. 17], partially granting the plaintiff's Motion for Default Judgment [ECF No. 13] to the extent it requested an Order to permit the plaintiff to repossess and sell certain secured collateral. Am. Order, April 22, 2016, at 8. In its Amended Order, the court stated the following:

> The court **ORDERS** that the plaintiff may sell the equipment in its present condition or following any commercially reasonable preparation

> or processing in accordance with W. Va. Code § 46-9-610. The court **ORDERS** that every aspect of the disposition of the equipment, including the method, manner, time, place and other terms, must be commercially reasonable. If commercially reasonable, the plaintiff may dispose of the equipment by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms. *See* W. Va. Code § 46-9-610(b).
>
> . . .
>
> The court **ORDERS** that the proceeds from any sale of the equipment be held by the plaintiff's counsel, in trust. Before the plaintiff may apply any proceeds to the defendants' underlying obligations—including reasonable attorney's fees, costs, expenses, interest, etc.—the plaintiff must submit to this court a complete accounting. **The court ORDERS the plaintiff to submit this accounting on or before August 15, 2016. Further, the plaintiff must submit a statement regarding the commercial reasonableness of the sale, as defined by West Virginia law, on or before August 15, 2016.**

*Id.* at 7–8. Nevertheless, the plaintiff failed to submit the required information by August 15, 2016, and the court ordered the plaintiff to show cause why it should not be sanctioned for failing to comply with the court's Order. *See* Order, Aug. 17, 2016 [ECF No. 18]. On August 22, 2016, the plaintiff filed its Verified Statement of Cause and Motion to Expand Time Frame by Ninety Days [ECF No. 19]. The court subsequently granted the plaintiff's motion and ordered that the foreclosure sale occur on or before November 17, 2016. *See* Order, Sept. 9, 2016 [ECF No. 20]. Additionally, the court ordered the plaintiff to submit an accounting and a statement regarding the commercial reasonableness of the foreclosure sale on or before December 1, 2016. *Id.* at 2.

The plaintiff's present Motion and supporting documentation was filed in compliance with the court's previous orders.

## II. Legal Standard

Rule 55(b)(2) of the Federal Rules of Civil Procedure prescribes the procedure when a judgment is sought against a litigant in default in situations that lie beyond the power delegated to the Clerk under Rule 55(b)(1). Fed. R. Civ. P 55(b)(2). "The court has discretion to decide whether to enter a judgment by default, however, and Rule 55(b)(2) empowers the district judge to hold hearings or 'order such references as it deems necessary and proper' to aid its exercise of this discretion." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2684 (4th ed. 2016) (quoting Fed. R. Civ. P. 55(b)(2)) (footnote omitted). "When a judgment by default is entered, it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits." *Id.*

## III. Discussion

On October 24, 2016, the plaintiff sent a Notice of Private Sale to the defendants via Certified Mail, notifying the defendants of the time and location of the sale and inviting them to purchase the collateral. *See* Mot. Ex. 1, at 2 [ECF No. 21-1] ("Notice"). The collateral was appraised before the sale, and the appraiser determined that the fair-market, private-sale value of the collateral was between $56,000 and

$69,000. Mot. Ex. 3 [ECF No. 21-1]. On November 9, 2016, the collateral was sold at a private sale for $56,000. Mot. 1. The plaintiff submitted the following accounting:

- Sale Price $56,000.00
- Certified Mail ($12.93)
- Attorney fees and costs through November 25, 2016 ($10,151.75)
- Net Proceeds **$45,835.31**

Mot. 2.

Pursuant to statute, "[e]very aspect of a disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms." W. Va. Code § 46-9-610(b). A disposition of collateral is commercially reasonable if made in the following manner:

(1) In the usual manner on any recognized market;
(2) At the price current in any recognized market at the time of the disposition; or
(3) Otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.

W. Va. Code § 46-9-627(b). A review of the plaintiff's filings demonstrates that the plaintiff has fully complied with the applicable statutes and the court's previous orders regarding the disposition of the subject collateral. The plaintiff had the collateral appraised before sale, timely notified the defendants of the time and

location of the sale, and sold the collateral within the value range established by the appraisal. The plaintiff submitted detailed billing records and a verified statement from its counsel regarding attorney fees and costs. *See* Mot. Ex. 4, at 6–16 [ECF No. 21-1]. The defendants have not objected to the plaintiff's Motion or the supporting documentation. Accordingly, the court **FINDS** that the plaintiff has disposed of the collateral in a commercially reasonable manner under West Virginia law. The court further **FINDS** that the plaintiff's accounting regarding attorney's fees and costs is reasonable.

The defendant's debt to the plaintiff amounts to $124,150.68. Verified Compl. ¶ D [ECF No. 1]. After deducting the net proceeds from the foreclosure sale, the remaining balance is $78,315.37.[1] Accordingly, the court **FINDS** that default judgment should be entered in the plaintiff's favor in the amount of $78,315.37, plus statutory interest pursuant to W. Va. Code § 56-6-31.[2]

## IV. Conclusion

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court **ORDERS** that the plaintiff's Motion for Entry of Judgment [ECF No. 21] is **GRANTED**. The court **ORDERS** that default judgment be entered in the plaintiff's

---

[1] $124,150.68 – $45,835.31 = $78,315.37

[2] "Except where it is otherwise provided by law, every judgment or decree for the payment of money, whether in an action sounding in tort, contract or otherwise, entered by any court of this state shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not . . . ." W. Va. Code § 56-6-31(a).

favor in the amount of **$78,315.37, plus statutory interest pursuant to W. Va. Code § 56-6-31.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:    January 3, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6